**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stacey D. Adams, U.S.M.J. |
| | : | |
| v. | : | Magistrate No. 26-15190 |
| | : | |
| JOHN V. MUSKETT III | : | **CRIMINAL COMPLAINT** |

I, Christopher Counts, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached pages and made a part hereof.

s/ Christopher Counts

Task Force Officer Christopher Counts
Department of Homeland Security
Homeland Security Investigations

Task Force Officer Counts attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), on August 31, 2026.

s/ Hon. Stacey D. Adams

Honorable Stacey D. Adams
United States Magistrate Judge

# ATTACHMENT A

## COUNT ONE

(Transportation of Child Pornography)

On or about August 28, 2026, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**JOHN V. MUSKETT III**,

knowingly transported any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(1).

**COUNT TWO**

(Possession of Child Pornography)

On or about August 28, 2026, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**JOHN V. MUSKETT III**,

did knowingly possess and access with intent to view material that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

**ATTACHMENT B**

I, Christopher Counts, am a Task Force Officer with the Department of Homeland Security, Homeland Security Investigations. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. At all times relevant to this Complaint, the defendant, John V. Muskett III ("MUSKETT"), was a resident of Hudson County, New Jersey.

2. On or about August 28, 2026, law enforcement officers lawfully stopped MUSKETT upon his disembarking from a flight landing at Newark Liberty International Airport in Newark, New Jersey and originating from Lisbon, Portugal.

3. At that time, MUSKETT was in possession of an iPhone 16 Pro and an 11-inch iPad (collectively, the "MUSKETT Devices"), which law enforcement seized from MUSKETT and lawfully searched. MUSKETT, who identified himself as "Jack" when speaking with law enforcement, confirmed to law enforcement that the MUSKETT Devices belonged to him. Pursuant to the search, law enforcement learned that the MUSKETT Devices are associated with at least one e-mail address, which includes MUSKETT's first and last name. The MUSKETT Devices were logged into MUSKETT's Apple iCloud account, which included a profile picture of MUSKETT and identified the account as belonging to "Jack Muskett."

4. Law enforcement's initial review of the MUSKETT Devices revealed what appeared to be approximately 100 images depicting CSAM involving pre-pubescent minor females, approximately 20-25 images depicting CSAM involving minor females, and approximately 25 videos of pre-pubescent minor females. Each of these files had been transmitted in interstate commerce, namely through the Internet.

5. Among the files depicting child pornography discovered in the Files application on the MUSKETT Devices, law enforcement discovered still images depicting the following:

a. A prepubescent minor female naked on the floor exposing her vagina and anus to the camera;

b. A prepubescent female naked on a bed being vaginally penetrated by an adult male;

c. A minor female inserting a purple sex toy into her vagina; and

d. A minor female performing oral sex on an adult male.

6. Amongst the images and videos, law enforcement observed CSAM involving a prepubescent minor female engaging in sex acts on herself. The prepubescent minor female has been recognized by law enforcement in multiple investigations.

7. Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the child pornography or CSAM files described in Paragraphs 4, 5 and 6 above traveled in interstate commerce and were produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the images were downloaded from and transmitted via the Internet.